UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY DOSS, | ) | Case No. 1:06-CR-0594 |
| | ) | 1:08-CV-1675 |
| Petitioner, | ) | |
| | ) | JUDGE ANN ALDRICH |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM AND ORDER |
| | ) | |

Before the court is plaintiff Jeffrey Doss' ("Doss") motion to vacate, set aside or correct his sentence to federal custody pursuant to 28 U.S.C. § 2255 [Docket No. 1106]. The United States (the "Government") has filed a response in opposition [Docket No. 1127]. For the following reasons, the court denies Doss' motion for relief. Further, the court certifies pursuant to 28 U.S.C. § 2253(c)(1)(B) that an appeal from this order would not be well-taken.

**I.     Background**

On April 13, 2007, Doss, pursuant to a written plea agreement, entered a guilty plea to a single count of conspiracy to possess with the intent to distribute and conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.[1] The probation officer that provided the Pre-sentence Report concluded that Doss' base offense level was 32, with a criminal history category of I. The probation officer recommended a two-level reduction pursuant to the safety valve provision and a three-level reduction for acceptance of

---

[1] Counts 64 and 65 of the indictment, which charged Doss with distribution of cocaine base, were dismissed by the government pursuant to the plea agreement.

responsibility.  Further, the plea agreement provided for a six-level reduction for substantial assistance, pursuant to U.S.S.G. § 5K1.1.  At the sentencing hearing on November 9, 2007, the District Court granted Doss an additional two-level reduction under § 5K1.1., for a total reduction of 13 levels, and sentenced him to 30 months in prison to be followed by three years of supervised release.

Doss' brother was also charged and indicted in the same conspiracy, and was sentenced to a term of 37 months imprisonment, because of his higher criminal history category.  At the sentencing hearing, Doss' counsel requested both drug treatment and placement in a medical facility.  The court recommended that Doss and his brother participate in the Federal Bureau of Prison's Residential Drug Abuse Program ("RDAP"), where upon successful completion, each of the defendants would potentially receive an additional one-year reduction from their sentences.  After making such recommendations, however, the court was informed that the RDAP is not available in a medical facility, and the court determined that placement in a medical facility was more important since drug treatment would still be available to Doss, although not through the RDAP.  Subsequent to the sentencing, the Bureau of Prisons decided that Doss was ineligible for participation in the RDAP, but that Doss's brother was eligible for the RDAP.

Doss did not file a direct appeal of the sentence that was imposed.  Instead, on July 11, 2008, in violation of his written plea agreement,  Doss filed the instant motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255.  He asserts that the sentence he received on November 9, 2008  is improper and requests the court to reduce his sentence by 18 months.

Doss asserts that the court's recommendation concerning participation in the RDAP resulted in a sentencing disparity between Doss and his co-defendant brother. The Bureau of Prisons determined that Doss is ineligible to participate in the RDAP and thus may not receive the potential one-year reduction of his sentence. However, the Bureau found that Doss's brother was eligible to participate in the program; consequently, his brother will likely receive the one-year reduction of his sentence.

Doss also asserts that the court failed to make additional reductions, pursuant to § 5H1.4 or § 5K2.0, in response to his need at the time for medical surgery. While incarcerated, Doss was permitted leave to have his surgery, but he claims that additional procedures are required every six weeks.

**II.    Discussion**

**A.    Waiver**

Section 2255 of Title 28 of the United States Code, provides that a prisoner who was sentenced by a federal court, may file a motion in the "court which imposed the sentence to vacate, set aside, or correct the sentence." *Hill v. United States*, 368 U.S. 424, 426 (1962). One is entitled to relief under that section if he . . . can show: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." *Id.* In order to prevail on such a motion, the petitioner must demonstrate the grounds for relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The Sixth Circuit has held that a defendant's informed and voluntary waiver of the right to

collaterally attack a conviction and sentence is enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). The court in *Acosta*, however, emphasized the difference between claims that collaterally attack a conviction or sentence, from those that go to the validity of the guilty plea. *Id.* Waivers that are pursuant to a plea agreement are not enforceable when the defendant successfully argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel. *Id.* The defendant in *Acosta* did not challenge the validity of the waiver or plea agreement. *Id.* Further, the court in *Acosta* noted that validity of the waiver was further shown by the district court's compliance with Fed. R. Crim P. 11(b)(1)(N), "which requires that, before a guilty plea is accepted, the court must inform the defendant of, and determine that the defendant understands, the terms of any appellate-waiver provision in the plea agreement." *Id.* (quoting *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005)). Accordingly, the court found that the waiver was valid and held that the defendant could not collaterally attack his sentence pursuant to 28 U.S.C. § 2255.

As in *Acosta*, Doss attempts to collaterally attack his sentence while the government contends that he waived the right to do so pursuant to a provision in the plea agreement.[2] Doss does

---

[2] Section 22 of the Plea Agreement, titled "Waiver of Appeal, Defenses, and Collateral Attack Rights," provides: "Defendant acknowledges having been advised by counsel of defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. §3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. §2255. The defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory minimum; (b) any punishment to the extent it represents a sentence higher than the advisory Sentencing Guideline range deemed most applicable by the court. Nothing in this paragraph shall act as a bar to the defendant's perfecting any legal remedies he may otherwise have on appeal or collateral attack pertaining to claims of ineffective assistance of counsel or prosecutorial misconduct."

not challenge the validity of the waiver since he has not alleged that his waiver was involuntary, without knowledge, or that it was a result of ineffective assistance of counsel. Further, it is apparent from the record that the court complied with Fed. R. Crim. P. 11(b)(1)(N).  (Transcript of Guilty Plea Hearing at 35; Docket No. 563).  Thus, the court finds that the waiver in the plea agreement is valid, and that Doss thus waived his right to collaterally attack his sentence pursuant to § 2255.

### B. Sentencing Disparities

Furthermore, even if Doss had not waived his rights to collaterally attack his sentence, he would still not be entitled to relief pursuant to § 2255.  To prevail on a § 2255 motion alleging a non-constitutional error, a petitioner must demonstrate either a "fundamental defect which inherently results in a complete miscarriage of justice," or, "an error so egregious that it amounts to a violation of due process."  *Watson v. United States of America*, 165 F.3d 486, 488 (6th Cir. 1999).

The Sixth Circuit Court of Appeals addressed the potential for sentencing disparities as a result of the RDAP.  *United States v. Smith*, 474 F.3d 888 (6th Cir. 2007).  In *Smith*, the court rejected the defendant's argument that his sentence, due to the Bureau of Prisons' determination that he was ineligible to participate in the program, created "unwarranted disparities." *Id.* at 894.  The court explained, "A defendant's eligibility for the RDAP is contingent on approval by the BOP.  Even if a defendant completes the program, the BOP does not have to reduce the sentence." *Id.* at 895. Thus, the sentence disparity is "inherent in the legislative program" since  "some prisoners will get the reduction, while others, similarly situated before entering prison, will not." *Id.*  Accordingly, the court denied the defendant's claim for relief and affirmed the sentence that was previously imposed. *Id.*

Similarly, in this case, the claimed disparity in sentences resulting from the discretion of the

Bureau of Prisons cannot justify a reduction of Doss's sentence. Doss has failed to demonstrate that the court committed an error resulting in a "complete miscarriage of justice."

### III. Conclusion

For the foregoing reasons, the court denies Doss's motion to vacate, set aside, or correct his sentence [Docket No. 1106]. Further, because he has not made a substantial showing of the denial of any constitutional right, the court certifies pursuant to 28 U.S.C. § 2253(c)(1)(B), that an appeal from this order would not be well taken.

IT IS SO ORDERED.

                                         */s/ Ann Aldrich*
                                        ANN ALDRICH
                                        UNITED STATES DISTRICT JUDGE

Dated: October 6, 2008